# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EZEADIGO C. ODUCHE NWAKAIHE, | |
| Plaintiff, | NO. 3:08-cv-02077 |
| v. | (JUDGE CAPUTO) |
| LACKAWANNA COUNTY PRISON; DR. SYMES; WARDEN JENIE M. DONALE; ASSISTANT WARDEN DAVID M. LANGAN; OFFICER CAPONE; and KIM RUPP, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the Complaint of Plaintiff Ezeadigo C. Oduche Nwakaihe against Defendants Lackawanna County Prison, Dr. Symes Warden Jenie M. Donale, Assistant Warden David M. Langan, Officer Capone, and Kim Rupp. (Doc. 1.) Plaintiff has also filed a Motion For Leave to Proceed *In Forma Pauperis* along with a supporting Affidavit from Plaintiff. (Doc. 2.)

Section 1915 of Title 28 of the United States Code provides a two-step process for reviewing *in forma pauperis* ("IFP") petitions. The Third Circuit Court of Appeals has made it clear that district courts should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the complaint under section 1915 to determine whether it is frivolous. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing

decisions from other circuits).  Poverty sufficient to qualify for *in forma pauperis* status does not require penniless destitution.  *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).  However, leave to proceed *in forma pauperis* is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper." *Id*. (citations omitted).  "Yet, the mere assertion of poverty does not serve as a substitute for indigency." *Id*.

In his IFP Affidavit, Plaintiff describes his financial situation as follows.  Oduche Nwakaihe is currently incarcerated in the Lackawanna County Prison and is not presently employed. (Pl.'s Aff., Doc. 2, ¶ 1)  In the past twelve (12) months he has not received any income from a business, profession or other form of self-employment, has not received income from rent payments, interest, or dividends, have not received income from a pension, annuity, or life insurance policy, and has not been the recipient of any gifts or inheritances. (*Id*. ¶ 2.)  The Plaintiff does currently have a prisoner account containing twenty-four cents ($0.24). (Acct. Statement, Ex. 1, Doc 2.)  He does not, however, currently have any funds in cash, checking or savings accounts (Pl.'s Aff., Doc. 2, ¶ 3) and has no interest in any real estate, stocks, bonds, notes, automobiles, or other valuable property (*Id*. ¶ 4).

Assuming this to be a complete and accurate depiction of Plaintiff's financial situation, the Court finds that he qualifies for IFP status since, according to the Court's calculation, the Plaintiff has virtually no income.  Therefore, the Court finds that payment of the filing fee would present Plaintiff with an undue hardship or deprive him of life's necessities.  *See Adkins*, 335 U.S. at 339.

"Under 28 U.S.C. § 1915(d), a district court is authorized to dismiss as frivolous claims

based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless." *Roman*, 904 F.2d at 194 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)) (current version at 28 U.S.C. § 1915(e)).  If a court is satisfied that an action *in forma pauperis* is frivolous or malicious it is authorized to dismiss the case *sua sponte*; in fact, a frivolous complaint *requires* dismissal regardless of the plaintiff's inability to pay.  28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added).  Such action is appropriate to prevent abuse of the processes of the court.  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When reviewing a complaint for frivolity under § 1915(e), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." *Id.* at 32.  It is important to note, however, that where a frivolous *in forma pauperis* complaint can be remedied by amendment, a district court may not dismiss the complaint as frivolous and must permit the amendment.  FED. R. CIV. P. 15; *Denton*, 504 U.S. at 34.

Plaintiff's complaint alleges that Defendants violated his civil rights, subjected him to verbal abuse and neglect, and intentionally inflicted severe mental and physical pain and suffering upon him.  As the Plaintiff's claims are not frivolous for the purpose of an IFP application, Plaintiff's motion for IFP status will be granted.

An appropriate order will follow.

| | |
|---|---|
| November 19, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EZEADIGO C. ODUCHE NWAKAIHE,<br><br>    Plaintiff,<br><br>    v.<br><br>LACKAWANNA COUNTY PRISON; DR. SYMES; WARDEN JENIE M. DONALE; ASSISTANT WARDEN DAVID M. LANGAN; OFFICER CAPONE; and KIM RUPP,<br><br>    Defendants. | NO. 3:08-cv-02077<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 19th day of November, 2008, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. 2) is **GRANTED**.

(2) The Clerk of the Court shall prepare a summons for service by United States Marshals with the complaint on the Defendants named herein;

(3) The Defendants shall respond to the complaint within twenty (20) days of the date service is made pursuant to Fed. R. Civ. P. 12(a)(1).

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge